Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise consists of plastic paperweights similar in all material respects to those the subject of Abstract 67488, the claim of the plaintiffs was sustained.

No. 68114.—Max Eckardt & Sons, Inc., et al. *v*. United States, protests 294730–K, etc. (New York).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise consists of plastic paperweights similar in all material respects to those the subject of Abstract 67488, the claim of the plaintiffs was sustained.

No. 68115.—John S. Connor *v*. United States, protest 296739–K (Baltimore).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise consists of plastic articles similar in all material respects to those the subject of Abstract 67488, the claim of the plaintiff was sustained.

No. 68116.—Rex Enterprises, Inc. *v*. United States, protests 60/30683, etc. (New York).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise consists of chord organs and parts thereof similar in all material

respects to those the subject of *Excelsior Accordions, Inc.* v. *United States* (48 Cust. Ct. 148, C.D. 2328), the claim of the plaintiff was sustained.

No. 68117.—Buegeleisen & Jacobson, Inc. *v.* United States, protests 62/885 and 63/2523 (New York).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the merchandise consists of chord organs and parts thereof similar in all material respects to those the subject of *Excelsior Accordions, Inc.* v. *United States* (48 Cust. Ct. 148, C.D. 2328), the claim of the plaintiff was sustained.

No. 68118.—Quon Quon Company et al. *v.* United States, protests 60/16497, etc. (Los Angeles).

Opinion by OLIVER, C.J. In accordance with stipulation of counsel that the items marked "F" consist of rattancore flower cages the same in all material respects as those the subject of *Quon Quon Company* v. *United States* (41 Cust. Ct. 181, C.D. 2039) and that the items marked "R" consist of trays in part of rattan or bamboo similar in all material respects to the trays in part of rattan the subject of Abstract 66729, the claim at 45 percent ad valorem under paragraph 409 as articles, wholly or partly manufactured of rattan, or at 25 percent under said paragraph, as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade (T.D. 53865), supplemented by Presidential proclamation (T.D. 53877), was sustained. The items marked "W," stipulated to consist of trays, etc., not in part of rattan, similar in all material respects to those the subject of said Abstract 66729, were held dutiable at 16⅔ percent under the provision in paragraph 412, as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade (T.D. 52373), supplemented by Presidential proclamation (T.D. 52476), for manufactures of wood, not specially provided for, as claimed.

No. 68119.—Morris Friedman *v.* United States, protests 62/7960, etc. (Philadelphia).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of articles in chief value of colored glass similar in all material respects to those the subject of *Joseph Markovits, Inc.* v. *United States* (45 Cust. Ct. 151, C.D. 2216), the claim of the plaintiff was sustained.

No. 68120.—Rice-Bayersdorfer Company *v.* United States, protests 62/6462, 62/6463, and 62/6466 (Philadelphia).